IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03043-M-RJ

SAMUEL GORDON ROBERSON,  )
                         )
         Plaintiff,      )
                         )
   v.                    )         ORDER
                         )
DOCTOR LEWIS, et al.,    )
                         )
         Defendants.     )

On February 13, 2023, Samuel Gordon Roberson ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 8].

On May 25, 2023, the court denied plaintiff's motion to appoint counsel, conducted initial review, and allowed to proceed an excessive force claim as to Officer John Doe and a deliberate indifference claim as to Nurse Sykes pursuant to an incident on May 11, 2022, but dismissed the remaining claims and dismissed without prejudice two other defendants. See Order [D.E. 9].

On July 10, 2023, plaintiff filed the instant motions for reconsideration. [D.E. 12, 13].

Discussion:

In his motion seeking reconsideration of that part of the court's prior order that denied his motion to appoint counsel, plaintiff argues he lacks the capacity to conduct discovery without assistance. Mot. [D.E. 12] at 5. Plaintiff contends his incarceration presents an "exceptional circumstance" meriting appointment of counsel, alleges "the Government in general and the Prison in particular will strongly resist his effort to obtain documents," and asserts assistance of counsel will allow for "smoother exchange of documents" and help with copying materials. Id. at 6–8.

Plaintiff's other motion for reconsideration "requests that the court reconsider and rescind its order dismissing Dr. Lewis as a defendant" and asks that the court "delay its decision in the matter until such time as the plaintiff may file an amended complaint." Mot. [D.E. 13] at 2–3. Plaintiff's memorandum reiterates the claims in his complaint and asserts that Dr. Lewis is the "treating physician as well as supervisor of the medical department and allowed unexcusable [sic] delays in necessary tests required to determine the nature and extent of plaintiff's injuries." Mot. Attach. [D.E. 13-1] at 6. Plaintiff concedes that his complaint failed to state a cognizable claim against Dr. Lewis but ascribes this failure to plaintiff's inexperience as a litigator. Id. at 7.

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment[,]" but instead are "committed to the discretion of the district court." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). A court may revise an interlocutory order under the following three circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017). The court has considered these motions for reconsideration under the governing standard.

As to appointment of counsel, the court previously noted this case is not complex, and the filings show that plaintiff has the capacity to proceed *pro se*. See Order [D.E. 9]. Plaintiff's claim that the Government will "resist" discovery is wholly speculative. Further, contra plaintiff's arguments, his mere desire for assistance with discovery and the challenges with discovery presented by his present incarceration do not amount to "exceptional circumstances" meriting appointment of counsel. Cf. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

2

Next, although plaintiff asks the court to reconsider its dismissal without prejudice of Dr. Lewis as a defendant, plaintiff acknowledges that, as the court previously found, the complaint failed to state a viable claim against Dr. Lewis. Plaintiff's instant bald assertions–that, in his role as a treating physician and medical department supervisor, Dr. Lewis allowed delay in plaintiff's treatment and that, in future filings, plaintiff will present facts showing Dr. Lewis's liability–again amount to mere "labels and conclusions" presently insufficient to state a cognizable deliberate indifference claim under the governing standards. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

## Conclusion:

In sum, because there has been no subsequent trial or change in applicable law, and because plaintiff fails to show any clear error causing manifest injustice in the court's prior order, the court DENIES both motions for reconsideration [D.E. 12, 13].

SO ORDERED, this 8th day of September 2023.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

3