IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03043-M-RJ

| | | |
|---|---|---|
| SAMUEL GORDON ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOCTOR LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the court on defendant Nurse Sykes' motion for summary judgment. Mot. [D.E. 24]. For the reasons discussed below, the court grants the motion.

Relevant Procedural History:

On February 13, 2023, Samuel Gordon Roberson ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed an unverified complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 8]. Plaintiff generally alleges violations of his Eighth Amendment rights when, after a May 11, 2022, trip-and-fall at Pender C.I., Officer John Doe used excessive force and Doctor Lewis, Nurse Sykes, and Nurse Jane Doe were deliberately indifferent to his serious medical needs. Compl. [D.E. 5] at 3–7. Plaintiff seeks, *inter alia*, monetary damages. Id. at 8.

On May 25, 2023, the court denied plaintiff's motion to appoint counsel, conducted initial review, allowed to proceed an excessive force claim as to Officer John Doe and a deliberate indifference claim as to Nurse Sykes pursuant to the alleged incident on May 11, 2022, but stayed service on Officer John Doe until plaintiff identified him, dismissed the remaining claims, and dismissed without prejudice Nurse Doe and Dr. Lewis as defendants. See Order [D.E. 9].

On July 10, 2023, plaintiff filed motions seeking reconsideration of the dismissal of Dr. Lewis as a defendant and denial of appointment of counsel. See Mot. [D.E. 12] Mot. [D.E. 13]. The court denied these motions for reconsideration on September 10, 2023. See Order [D.E. 15].

On October 10, 2023, the court directed Nurse Sykes to answer the complaint. Order [D.E. 17]. Nurse Sykes answered the complaint on October 18, 2023. Answer [D.E. 19].

On October 20, 2023, the court entered a scheduling order. Order [D.E. 20] (setting a discovery deadline of Jan. 18, 2024, and a motions deadline of Feb. 20, 2024).

On October 24, 2023, Nurse Sykes moved for a protective order. Mot. [D.E. 21]. The court granted this motion for a protective order on October 26, 2023. Order [D.E. 22].

On November 13, 2023, plaintiff filed a reply to Nurse Sykes' answer. [D.E. 23].

On February 20, 2024, Nurse Sykes filed a motion for summary judgment, Mot. [D.E. 24], a proposed sealed statement of material facts [D.E. 25], a proposed sealed declaration and appendix [D.E. 26], a proposed sealed memorandum [D.E. 27], and a motion to seal, Mot. [D.E. 28].

On February 21, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("Roseboro"), the court notified plaintiff about the motion for summary judgment, the response deadline, and the consequences of failing to respond. [D.E. 29].

On March 13, 2024, plaintiff moved for an extension of time to respond to the pending motion for summary judgment, Mot. [D.E. 31], and the court granted this motion, Order [D.E. 32].

On March 27, 2024, plaintiff filed both a self-styled "motion opposing summary judgment [sic]," see [D.E. 33], which the court liberally construes as a response in opposition to Nurse Sykes' instant motion for summary judgment, and a motion for modification or exemption from the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Mot. [D.E. 34].

2

On April 11, 2024, plaintiff moved out-of-time for discovery. Mot. [D.E. 35].

On May 1, 2024, the court: granted Nurse Sykes' motion to seal; denied plaintiff's out-of-time motion for discovery; and denied in part plaintiff's motion seeking modification or exemption from the requirements of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, but allowed him an extension of time until May 22, 2024, to further respond to Nurse Sykes' motion for summary judgment. Plaintiff failed to further respond and the time to do so has passed.[1]

### Facts:

Nurse Sykes is a licensed registered nurse and provided healthcare services to inmates at Pender C.I. at times relevant to this case. Def.'s Stmt. Mat. Facts. [D.E. 25] at ¶¶1–3.[2] Although plaintiff alleges that he fell on May 11, 2022, and Nurse Sykes was the first responder to his fall, Nurse Sykes was not working at Pender C.I. on that date. See id. at ¶¶4–6. Plaintiff's medical records instead reflect that he fell in the F Dormitory on May 4, 2022, and that plaintiff had been transported to the medical unit and was receiving treatment from Dr. Lewis at 9:02 a.m. See id. at ¶¶7–8. Nurse Sykes did not pass through the Pender C.I. gate for work until 9:08 a.m. on May 4, 2022. Id. at ¶9. It takes Nurse Sykes "at least 10 minutes to walk from the gate house to the facility's medical unit, where she had to check in before she could start her shift and treat

---

[1] Because plaintiff has not identified the John Doe Officer, the court dismisses without prejudice the John Doe Officer as a defendant. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982); see also Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000) (per curiam) (unpublished table decision); Myers v. City of Charleston, No. 2:19-CV-00757, 2021 WL 925326, at *10 (S.D.W. Va. Mar. 10, 2021) (noting "a John Doe defendant must be identified by the time the issues are adjudicated on their merits, as the Fourth Circuit has determined that judgments may not be entered against unnamed defendants" (citation omitted)).

[2] A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113-D, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); see Fed. R. Civ. P. 56(e)(2). Nurse Sykes' statement cites the underlying evidence, and the court has reviewed that evidence. Plaintiff did not file an opposing statement.

3

patients," such that she did not start her work on May 4, 2022, until 9:18 a.m. at the earliest. Id. at ¶¶10–11. Plaintiff's grievance as to this fall in F Dormitory on May 4, 2022, state that the two individuals who responded were both male, whereas Sykes is female. Id. at ¶12. The medical records as to this fall show that plaintiff was treated by Dr. Lewis and Nurse Richard Davis on May 4, 2022. Id. at ¶13. Nurse Sykes never responded to plaintiff's May 4, 2022, fall in the F Dormitory and did not treat plaintiff in the medical unit on that date. Id. at ¶14. Plaintiff's medical records show Nurse Sykes treated plaintiff only twice, on July 4 and November 15, 2022, and both treatments were for "injuries unrelated to his fall," and entailed "routine testing and examinations" and a referral to a doctor for further treatment." Id. at ¶15. Plaintiff's medical records do not reflect that Nurse Sykes ever denied his requests for medical treatment, disregarded any objectively serious medical need, or accused plaintiff of faking injuries. Id. at ¶16.

## Legal Standard:

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A court reviewing a motion for summary judgment should determine if a

4

genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

## Discussion:

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Deliberate indifference to a prisoner's "serious medical needs" violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without legitimate penological objective."). A prison official, however, is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see Jackson v. Lightsey, 775 F.3d 170, 178

5

(4th Cir. 2014) (finding defendant must have "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the defendant's] action or inaction."); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (requiring prison official knew of and disregarded an "objectively serious condition, medical need, or risk of harm"). Beyond actual knowledge, the official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation marks and citation omitted); see Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard–a showing of mere negligence will not meet it.").

Here, Nurse Sykes declares, *inter alia*, that: she did not work on May 11, 2022; plaintiff's fall instead occurred in the F Dormitory on May 4, 2022, and he was receiving treatment in the medical unit by 9:02 a.m.; Sykes did not respond to plaintiff's "code blue" as to the fall on May 4, 2022, as she did not start her shift until 9:18 a.m. that day; plaintiff's grievances reflect his claim that two males responded to the "code blue" for his fall, whereas Sykes is female; Sykes did not treat plaintiff in the medical unit on the day of his fall; plaintiff's medical records reflect Sykes only treated him on July 4, 2022, and November 15, 2022; on July 4, 2022, plaintiff presented with complaints of difficulty swallowing, arm and leg weakness, chronic back pain, and claims that he suffered a stroke, but did not mention injuries stemming from his fall, and Sykes took his vitals and referred him to Dr. Lewis for further treatment; on November 15, 2022, plaintiff reported he suffered another stroke and requested a CT scan, but did not complain of injuries stemming from his fall, and Sykes took his vitals and referred him to Dr. Lewis for further treatment; Sykes "was not one of the responders to [plaintiff's] fall in the F Dormitory on May 4, 2022, and [Sykes] did not order any corrections officers to lift [plaintiff] off the ground"; Sykes "never treated him on

6

the day of his fall"; Sykes "never denied any requests [plaintiff] made for medical treatment"; Sykes "never disregarded any objectively serious medical need or condition [plaintiff] may have had, nor was [Sykes] dismissive of [plaintiff's] complaints"; and Sykes "never accused [plaintiff] of lying about or faking his injuries." See Sykes Decl. [D.E. 26] at 1–5.

The record evidence supports Sykes' declaration. See Sykes Decl. Attach., [D.E. 26-2] at 2 (Sykes' timesheet for the week ending on May 14, 2022); id., [D.E. 26-3] at 207–08 (Nov. 15, 2022, sick-call clinical encounter with Nurse Sykes noting, *inter alia*, plaintiff "requesting CT scan of head because he feels he has had another stroke, " and referring to physician); id. at 250–52 (July 4, 2022, sick-call clinical encounter with Nurse Sykes noting, *inter alia*, "Multiple self-declared emergencies this past month for difficulty swallowing, arms-legs with severe weakness, chronic back pain," and referring to physician); id. at 306–07 (May 4, 2022, 9:04 a.m. clinical encounter with Nurse Richard Davis noting: as chief complaint, "back pain"; as subjective complaint, "I tripped over a rolator [sic]. My lower back hurts"; on exam, "appears in distress, appears in pain"; as assessment, "offender states that he tripped over a Rolator [sic] in the dorm, falling flat on his back. Denies hitting any other part of his body. No crepitus or deformity noted in lower back area. Pelvis intact. Able to move both legs. Referred to Dr. Lewis for further treatment."); id. [D.E. 26-3] at 308–09 (May 4, 2022, 9:02 a.m. clinical encounter with Dr. Lewis noting: as subjective complaint, "offender was seen in a code blue for fall in the dorm on a wheelchair. Offender is complaining of lower back pain around L5-S1. Tenderness to palpation. Visibly distressed. Will treat for muscular pain and inflammation"; on musculoskeletal exam, "yes" as to "swelling, inflammation, tenderness, decreased range of active motion, decrease range of passive motion"; and prescribing medicines for pain and inflammation);

7

Case 5:23-ct-03043-M-RJ   Document 37   Filed 06/20/24   Page 7 of 9

id., [D.E. 26-4] at 2 (Pender C.I. gate log noting Sykes' 9:08 a.m. time of arrival on May 4, 2022); id., [D.E. 26-5] at 3–4 (plaintiff's May 6, 2022, prison grievance, asserting, *inter alia*: after he fell flat on his back on May 4, 2022, "a black man[,] maybe the 'doctor for the day[,]' ran his hands down my back and said I was ok that I hadn't broken anything," a black male officer lifted him up under his arms, causing him pain, and he was given pain medication and a muscle relaxer).

Despite receiving adequate Roseboro notice, and having an opportunity to do so, plaintiff did not file affidavits or declarations in opposition to Nurse Sykes' motion for summary judgment. See Celotex, 477 U.S. at 324; cf. Pledger v. Lynch, 5 F.4th 511, 525–27 (4th Cir. 2021). Instead, plaintiff merely relies upon the allegations in his unverified complaint and his brief unsworn response. Cf. Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021). Such reliance, however, is insufficient to defeat Nurse Sykes' motion for summary judgment. See Fed. R. Civ. P. 56(e); Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("conclusory allegations or denials, without more, are insufficient to preclude granting [a] summary judgment motion"); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) ("neither '[u]nsupported speculation,' nor evidence that is 'merely colorable' or 'not significantly probative,' will suffice to defeat a motion for summary judgment" (internal citations omitted)).

Thus, after viewing the record evidence and the reasonable inferences drawn therefrom in the light most favorable to plaintiff, see Scott, 550 U.S. at 378, Nurse Sykes has met her burden of showing the absence of evidence to support plaintiff's deliberate indifference claims, see Celotex, 477 U.S. at 325, whereas plaintiff fails to "come forward with specific facts showing that there is a genuine issue for trial," Matsushita, 475 U.S. at 587 (emphasis and quotation omitted). Accordingly, Nurse Sykes is entitled to summary judgment. See Anderson, 477 U.S. at 249.

Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE the John Doe Officer as a defendant; GRANTS Nurse Sykes' motion for summary judgment [D.E. 24]; and DIRECTS the clerk to close the case.

SO ORDERED this 20th day of June, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge